Unlike Judge Wise, I believe it is necessary to analyze the issue presented under a plain error standard. I do not believe appellee's pretrial objection to the procedure whereby the trial court would allow questions by a juror relieved appellant's counsel from raising an objection at trial.
Nevertheless, I agree with the decision to reverse this case under a plain error analysis. The standard for plain error in a civil case was announced in Goldfuss, Adm'r v. Davidson (1997), 79 Ohio St.3d 116:
 In appeal of civil cases, the plain error doctrine is not favored and may be applied only in the extremely rare case involving exceptional circumstances where error, to which no objection was made at the trial court seriously affects the basic fairness, integrity, or public reputation of the judicial process, thereby challenging the legitimacy of the underlying judicial process itself.
Id. at syllabus.
In the case sub judice, plain error was not extant because the trial court failed to follow the procedure this Court set forth in State v.Mascarella (July 6, 1995), Tuscarawas App. No. 94AP100075, unreported. Rather, plain error existed because the answer given by appellant's counsel was not under oath and therefore improper evidence presented to the jury. When coupled with the trial court's characterization of appellant's counsel's response as confusing, such error had a material adverse affect on the character of the proceedings and seriously affected the basic fairness, integrity or public reputation of the judicial process.
Accordingly, I concur in the judgment reached by Judge Wise.